W. D. ILGENFRITZ, Respondent, v. PETTIS COUNTY BANK, Appellant.

### Kansas City Court of Appeals, April 19, 1885.

BANKS—DEPOSIT—UNAUTHORIZED DISPOSITION OF—CASE ADJUDGED. Plaintiff and one Allen had agreed to go into an option deal together; and Allen had already put into the hands of D. R. Francis, of St. Louis, one hundred and fifty dollars, and plaintiff was to send him an equal amount. For this purpose plaintiff drew his check on defendant, in payment of a draft for that amount, which he ordered to be sent to D. R. Francis. The bank, by mistake, enclosed the draft to J. W. Francis. The draft was returned to the bank and by it canceled. Afterwards Allen ordered a draft for same amount sent to Chicago for same purpose. Plaintiff disavowed the act of Allen and demanded of him the return of his money and received from him fifty dollars. Plaintiff then demanded of the bank the return of the money and denied Allen's authority to order the Chicago draft. *Held*, that the payment by Allen should enure to the benefit of the bank, for though it is liable to plaintiff for an unauthorized disposition of his money, yet Allen is unquestionably liable to it, and his payment will relieve it to the extent of the amount paid.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Reversed and remanded with directions.*

The case and facts are stated in the opinion of the court.

F. P. WRIGHT and H. C. SENNETT, for the appellant.

I. The statement fails to allege a good cause of action. The money was deposited in behalf of D. R. Francis; and it does not appear that *he* assigned back to plaintiff his interest thus conveyed.

II. The allegations and proof do not correspond.

III. The instructions for the plaintiff were all

wrong; and in fact were not based on the evidence. When Allen paid to plaintiff fifty dollars of the one hundred and fifty dollars which he had advanced, he agreed to look to Allen alone for the balance.

IV. There is no dispute in regard to the fifty dollars, paid by Allen to plaintiff, of the one hundred and fifty dollars, consequently the judgment for the whole amount is clearly wrong, and the instructions authorizing it.

CLIFFORD L. JACKSON, for the respondent.

I. The statement alleges a good cause of action and is sufficient. *Gaty v. Sack,* 19 Mo. App. 470; *Belcher v. Railroad,* 75 Mo. 514; *Razor v. Railroad,* 73 Mo. 471; *Strathman v. Gorlee,* 14 Mo. App. 1; *Webb v. Robertson,* 74 Mo. 380.

II. The statement does not allege that the money was deposited on behalf of D. R. Francis, but directed to be sent to him, which defendant failed to do, and still has said money. D. R. Francis had no interest in said money to assign back to plaintiff.

III. Plaintiff did not agree to look to Allen alone for the money or any portion thereof; and as soon as informed that the money had not reached D. R. Francis, demanded it from defendant, and has ever since demanded, and has brought this suit to enforce payment. The payment of fifty dollars by Allen is a matter between Allen and the plaintiff, as to defendant. Defendant did not raise this question in the circuit court and will not be permitted to do so here.

IV. The allegations and proof do correspond. The evidence establishes the facts as alleged in the statement. *Gaty v. Sack,* 19 Mo. App. 470.

V. The instructions given for plaintiff were based upon the evidence and truly declared the law applicable to this case. The instruction refused to defendant was properly refused. There was no evidence to sustain it

and if there had been, the principle asked to be declared by it had already been clearly set forth in another instruction of defendants which was given.

ELLISON, J.—This action was commenced before a justice of the peace on the following statement omitting the formal parts :

" The plaintiff further states, that on said ninth day of November, 1881, he deposited with said Pettis County Bank the sum of one hundred and fifty dollars ($150.00) with instructions to send said sum of money to D. R. Francis, at St. Louis, Missouri ; that defendant failed to send said money to D. R. Francis, at St. Louis, but sent said money by mistake to one "J. W. Francis," at St. Louis, Missouri, and said money was returned to defendant ; that plaintiff has frequently demanded said sum of one hundred and fifty dollars ($150.00) from defendant, but that defendant has failed and refused and still fails and refuses to pay the same over to him."

The plaintiff obtained judgment on appeal to the circuit court for the full amount of his claim and interest, and defendant brings the case to this court.

It appears from the testimony that plaintiff and one Allen "had agreed to go into an option deal together," that Allen had, before his agreement with plaintiff, put into the hands of D. R. Francis, of St. Louis, one hundred and fifty dollars, and that plaintiff was to send him an equal amount. For this purpose plaintiff and Allen went to the bank on November 9, 1881, when plaintiff drew his check for one hundred and fifty dollars in payment of a draft which he ordered to be sent to said Francis at St. Louis, but the bank by mistake enclosed the draft to J. W. Francis, instead of D. R. Francis, as directed. The draft was returned to the bank and by it cancelled. Allen learning of this directed the bank to send a draft for the same amount to a commisaion firm at Chicago for the purpose of an option deal. And informed plaintiff of what he had done. Plaintiff told him

he wanted to get out of the option business and demanded his money. Allen paid him fifty dollars and stated he would send to Chicago for the balance. Plaintiff then demanded of the bank the return of his money and denied Allen's authority to order the Chicago draft. Plaintiff's evidence as to the fifty dollars paid by Allen is as follows: "I took the fifty dollars and have it yet, but it is claimed by Mr. Highleyman to be his money that Allen paid me, and I am holding it subject to the result of that claim." Allen testified that Highleyman had no interest in the fifty dollars, that it was his, Allen's, money. We think the evidence supports the finding below, except as to the fifty dollars. The instructions, unnecessary to set out here, presented the case fairly to the jury, except as they authorized a finding for the money paid by Allen. There is no evidence whatever that Highleyman had any right to the money, and, though several years have elapsed, no steps have been taken by him to secure the money. We can see no reason why the payment by Allen should not enure to the benefit of the bank, for, though the bank is liable to plaintiff for an unauthorized disposition of his money, yet Allen was unquestionably liable to it, and his payment will relieve it to the extent of the amount paid.

The cause is reversed and remanded with directions for the circuit court to enter judgment for plaintiff less the fifty dollars and the interest thereon. All concur.